■ In the Matter of VILLAGGIO ITALIA, INC., Respondent, v. NEW YORK STATE LIQUOR AUTHORITY, Appellant.— REYNOLDS, J. Appeal from an order of the Supreme Court, Greene County, in a proceeding brought pursuant to CPLR article 78, annulling a determination by the appellant which denied respondent permission to construct an additional bar on its premises, and directing the appellant to grant such permission (Alcoholic Beverage Control Law, § 100, subd. 4). When this case was before us previously (23 A D 2d 613) we noted that "the Authority's finding that the license is restricted seems scarcely a reasonable answer to an application to modify the restriction" (p. 614). Appellant, despite this admonition, has chosen to rest on this finding, and we find no reason to now change our previous conclusion as to its propriety. Appellant asserts, however, that in any event its determination is not subject to judicial review pursuant to sections 2 and 121 of the Alcoholic Beverage Control Law. Such an argument might be compelling if appellant had accompanied its denial with plausible reasoning or even had at least indicated it followed the criteria set up in section 2 (*Matter of Guardian Life Ins. Co.* v. *Bohlinger*, 308 N. Y. 174; *Matter of Millman* v. *O'Connell*, 300 N. Y. 539), but it cannot be maintained here where we are presented with a naked rejection and with no indication whatsoever that such determination was made in accordance with the prescribed statutory standards (*Matter of Kaplan* v. *Rohan*, 8 A D 2d 270, 273, app. dsmd. 7 N Y 2d 884). Order affirmed, with costs. Gibson, P. J., Herlihy, Taylor and Aulisi, JJ., concur.